**Robert BALLARD, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8801–CR–24.

Supreme Court of Indiana.

April 3, 1989.

L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in the conviction of appellant of Battery, a Class C felony, for which he received a sentence of five (5) years, enhanced by three (3) years because of aggravating circumstances, and a further enhancement of thirty (30) years by reason of his status as an habitual offender.

The facts are: On the evening of June 15, 1986, Donna Lemaire was a patron in Fibber McGee's Tavern in Indianapolis. While she danced with appellant, he began making rude gestures, and she refused to continue to dance with him. When she returned to her table, he followed her and became abusive. Denny Jenkins, a friend of Donna's, intervened and asked if appellant were causing trouble. This led to an altercation between appellant and Jenkins, resulting in Jenkins being stabbed. Bobby Atchison, a friend of appellant's, joined in the fray following the stabbing of Jenkins. Jenkins sought the aid of the tavern bouncer and while doing so encountered his friend, David Allison, who in attempting to come to his aid also was stabbed. Jenkins was stabbed in the arm; Allison's wound, however, was abdominal and required surgery.

 

Appellant's sole assignment of error is that the evidence is insufficient to support the decision of the trial court. Appellant bases his allegation upon his contention that the record shows that on the night of the incident mass confusion prevailed in the tavern. At the time the police arrived, there were overturned tables and broken glass on the floor, and there had been several fights. When Officer Watford arrived on the scene, he noticed a man in bib overalls (Bobby Atchison) attempting to pass a knife to another man identified as Norman Raymer. When Raymer saw the officer approaching them, he dropped the knife to the floor. Appellant claims this is consistent with his testimony that he gave the knife to another person to get rid of it before the fight occurred.

Appellant further points to the fact that Rebecca Malson, the bartender, could not identify him as the person who wielded the knife. Appellant also shows that Cindy Howard testified that she went to the hospital to visit with Allison after his surgery, and he told her he could not identify the person who stabbed him. She testified that Allison reiterated this statement at a later meeting with friends.

At trial, Allison denied making such statements and testified in detail as being able to identify appellant as his assailant. The evidence further shows that, while Allison was being removed from the scene to an ambulance, he pointed appellant out to the police and identified him as his attacker. He later identified appellant in a lineup at police headquarters. The entire issue of appellant's identification was placed before the trial judge for his determination. He had the opportunity to observe the witnesses and their demeanor on the stand. It was his prerogative to make the judgment as to who was telling the truth. This Court will not invade that prerogative. *Taylor v. State* (1987), Ind., 514 N.E.2d 290.

In addition to the testimony of Allison, the court also heard the testimony of John Mindach who witnessed the encounter. He testified that he saw appellant raise a knife and that Allison was standing directly in front of him. Moments later Allison told Mindach that he had been stabbed. There is ample evidence in this record to support the court's finding that appellant was guilty of stabbing Allison.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.